UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 10-270-GWU

LINDA TAPP, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Linda Tapp brought this action to obtain judicial review of the unfavorable portion of a partially favorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

1

10-270 Linda Tapp

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

2

10-270  Linda Tapp

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

10-270  Linda Tapp

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Tapp suffered from impairments related to being status post a stenting procedure and three vessel coronary artery bypass grafting and diabetes mellitus. (Tr. 24). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 26). Since the claimant would be able to return to her past relevant work as a laundry folder and cashier, she could not be considered totally disabled. (Tr. 27).

10-270 Linda Tapp

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security benefits. Therefore, the court must grant the plaintiff's summary judgment motion and deny that of the defendant.

In determining that Tapp could return to her past work as a laundry folder and cashier, the ALJ relied heavily upon the testimony of vocational expert Linda Taylor. (Id.). The hypothetical question presented to Taylor included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) a need to avoid exposure to climbing ladders, ropes or scaffolds; (2) a need to avoid exposure to temperature extremes; and (3) a limitation to low stress, non-production work. (Tr. 816-817). In response, Taylor indicated that the plaintiff's past work as a laundry folder and cashier could still be performed. (Tr. 817). The witness also identified a significant number of other jobs which could still be done. (Id.). The ALJ later included a sit/stand option as an additional restriction. (Id.). The witness indicated that the plaintiff's past work as a cashier would accommodate such a limitation. (Tr. 818). The other cited jobs would depend upon the employer's willingness to accommodate the employee. (Id.).

Tapp argues that the hypothetical factors relied upon by the ALJ did not fairly characterize her condition. The plaintiff notes that she lacks good use of her hands,

which affects her ability to engage in work activity. (Tr. 626-629). Examination of the medical record supports her claim.

Dr. Ninad Karandikar examined Tapp and opined that she suffered from diabetes and a coronary artery disease. (Tr. 531). The physician indicated that there was evidence of diabetic neuropathy and diabetic oculopathy. (Id.). Dr. Karandikar opined that the plaintiff would be "moderately" limited in her ability to stoop, bend, reach, stand, move about, lift, carry and travel. (Id.). The hypothetical factors presented to the vocational expert did not include the "moderate" limitation concerning reaching identified by the examiner. Thus, Dr. Karandikar's opinion provides support for the plaintiff's claim that the ALJ's residual functional capacity finding did not fully reflect all of the limitations imposed by her physical problems and, so, does not support the administrative decision.

No other treating or examining source identified the existence of specific functional restrictions including the staff at St. Luke Hospital East (Tr. 214-238, 345-367), the staff at St. Elizabeth Medical Center South (Tr. 239-270, 292-325, 434-504, 609-613, 616-647, 652-662), Dr. Victor Schmelzer (Tr. 271-291), Dr. Jerome Schutzman (Tr. 328-340, 401-417, 505-527, 763-773), Dr. Jacqueline Hanson (Tr. 341-344), the staff at Patient First Physicians (Tr. 368-400, 418-424), Dr. Craig Sanders (Tr. 538-546, 575-584), the staff at the Summit Medical Group (Tr. 614-616, 663-671, 759-762), and the staff at the Foot Care Center (Tr. 648-651). Thus,

these medical sources do not provide evidence which outweighs or offsets the opinion of Dr. Karandikar.

Dr. Parandhamulu Saranga (Tr. 560-567) and Dr. James Ramsey (Tr. 600-608) each reviewed the record and opined that Tapp would be limited to light level work, restricted from a full range by an inability to more than occasionally climb ladders, ropes or scaffolds and be exposed to temperature extremes. The ALJ's findings were consistent with the opinions of the non-examining medical reviewers.

The administrative regulations provide "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, neither Dr. Saranga nor Dr. Ramsey indicated reasons why they rejected Dr. Karandikar's limitations with regard to bending and reaching. The ALJ should at least have sought the advice of a medical advisor before rejecting this opinion.

The Work History Report indicates that the reaching restriction indicated by Dr. Karandikar was particularly significant. Tapp reported having to reach from five

10-270  Linda Tapp

to seven and one/half hours a day in her past cashiering jobs.[1]  (Tr. 139, 142-143). Her past laundry work had required up to seven and one-half hours a day of reaching. (Tr. 140).  A "moderate" restriction concerning reaching could preclude performance of these jobs.  Therefore, a remand of the action for further consideration is required.

Tapp argues that the ALJ erred in dealing with the issue of witness credibility. The plaintiff asserts that the ALJ finding that her testimony was not fully credible was erroneous and she also notes that the ALJ erred by failing to consider her daughter's testimony concerning her observations of the claimant's condition. Social Security Ruling (SSR) 96-7p indicates that among the factors to be considered in assessing witness credibility are (1) medical and laboratory findings; (2) the diagnosis, prognosis and other medical opinions of treating or examining physicians, psychologists and other medical sources; and (3) statements and reports from the individual, treating and examining physicians, psychologists and other persons regarding the claimant's medical history, treatment, response, prior work record, efforts to work, daily activities and other information regarding the person's symptoms and how the symptoms affect the ability to work.  The administrative regulations note that "other persons" who can provide information

---

[1]The plaintiff reported working part-time as a cashier for 12 hours a week.  (Tr. 790).  Whether she could perform this work on a full-time basis with the "moderate" restriction concerning reaching is unclear.

9

10-270 Linda Tapp

about a claimant's condition include family members.  20 C.F.R. § 404.1513(d)(4).  The administration is supposed to consider observations about a claimant's symptoms from "other persons."  20 C.F.R. § 404.1529(c)(3).  Failure to consider the record as a whole undermines the administration's conclusion.  <u>Hurst v. Secretary of Health and Human Services</u>, 753 F.2d 517, 518 (6th Cir. 1985).

In the present action, Tapp's daughter, Shannon Wibbles, testified that she saw her mother every day and was familiar with her medical condition.  (Tr. 810-811).  She reported doing the cooking and cleaning and giving her mother her insulin.  (Tr. 811).  The mother's energy level was described as low.  (Id.).  The daughter had to remind her mother to take her medications.  (Id.).  Wibbles reported that her mother had difficulty holding on to things.  (Tr. 812).  This testimony was consistent with medical reports that the plaintiff had weakness in the arms relating to her diabetic condition and corroborates the claimant's own statements regarding these problems.  (Tr. 531, 627, 804).  Thus, this testimony was significant.

The ALJ did note a number of reasons for finding that Tapp was not fully credible including modest medical findings with regard to her heart condition, occasional non-compliance with her diabetic medication, and the modest findings made by Dr. Karandikar.  (Tr. 26).  However, since the ALJ did not address the daughter's testimony, the ALJ's credibility determination cannot be considered complete.  Therefore, upon remand, the ALJ should address this testimony.

10-270 Linda Tapp

Tapp also argues that the ALJ erred by failing to adequately explain why her diabetes mellitus did not meet or equal the requirements of Section 9.08(A) of the Listing of Impairments. The plaintiff cites 42 U.S.C. § 405(b)(1) which requires an ALJ to discuss the evidence and state the reasons upon which the decision is based. The claimant asserts that a blanket statement that "the plaintiff does not have an impairment or combination of impairments that meets or medically equals in severity the criteria of any section of the Listing of Impairments" is insufficient. A discussion of the medical evidence is required. Both the Third Circuit Court of Appeals in Burnett v. Commissioner of Social Security, 220 F.3d 112, 119-120 (3rd Cir. 2000) and the Fifth Circuit Court of Appeals in Audler v. Astrue, 501 F.3d 446, 448 (5th Cir. 2007) each agreed that the failure of an ALJ to properly address the Listings was reversible error. The Sixth Circuit Court of Appeals agreed with the reasoning of these sister circuits on this issue in the unpublished decision of Reynolds v. Commissioner of Social Security, No. 09-2060, 2011 WL 1228165, 2 (6th Cir. April 1, 2011). In all of the aforementioned cases, the ALJ made only a blanket statement that the claimant did not meet or equal a Listing section without any discussion of the evidence supporting the finding or even identifying the Listing section which had been considered. Burnett, 220 F.3d at 120, Audler, 501 F.3d at 448, Reynolds, 2011 WL 1228165 at 3-4. In the present action, the factual situation is distinguishable. The ALJ did indicate that he had considered Section

10-270  Linda Tapp

9.08(A) concerning diabetes mellitus. (Tr. 25). The ALJ also cited evidence from the record in support of his finding that the Listing had not been met or equaled such as the findings of Dr. Karandikar in Exhibit 13F and the medical report from St. Elizabeth in Exhibit 23F. (Id.). Therefore, under these circumstances, the court finds no error on the ALJ's findings concerning the Listing of Impairments.

The undersigned concludes that the administrative decision must be reversed and the action remanded for further consideration of issues relating to Tapp's physical condition and credibility. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29th day of September, 2011.

Signed By:

G. Wix Unthank

United States Senior Judge