UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON


CIVIL ACTION NO. 10-270-GWU


LINDA TAPP,                                                              PLAINTIFF,


VS.                     **MEMORANDUM OPINION AND ORDER**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

### INTRODUCTION

Counsel for the plaintiff has filed a motion for an award of attorney's fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), seeking $170.00 per hour for 16 hours of work on the successful appeal, plus $415.00 in unspecified "costs and expenses."  The defendant objects to the hourly rate and to the payment of costs and expenses.

### APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed."  28 U.S.C. § 2412(d)(2).  There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap.  Kerin v. U.S. Postal Service, 218 F.3d 185 (2d Cir. 2000).  Additionally, cost of living and "special factors" may justify increasing the rate above the cap.  28 U.S.C. § 2412(d)(2).

1

10-270  Linda Tapp

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district.  London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  Nevertheless, the community or geographic area concept is fluid--the Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought.  Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986).  In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher.  Pierce v. Underwood, 487 U.S. 552, 572 (1988), citing 28 U.S.C. § 2412(d)(2)(A)(ii) ("attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.") (emphasis added).[1]  The burden is on the plaintiff to provide

---

[1]At the time of Pierce, the cap was $75.00.  487 U.S. at 555.

2

evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases.  Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

10-270  Linda Tapp

## DISCUSSION

Counsel for the plaintiff has not submitted any evidence to establish a prevailing market rate for Social Security appeals in the Northern Division of the Eastern District of Kentucky.  She appears to have copied an argument from a brief intended for the Southern District of Ohio, since it refers to a finding by a magistrate judge in that district applying the Consumer Price Index since 1996 to the $125.00 base rate for EAJA as being "prior case law in this court."  Memorandum in Support of Application for Fees and Expenses Pursuant to the Equal Access to Justice Act, Docket Entry No. 17-1, at 3-4.  This fails to carry the plaintiff's burden as prescribed in Blum.  "[T]he 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ."  Adcock-Ludd v. Secretary of Treasury, 227 F.3d 343, 350 (6th Cir. 2004).

Counsel also submits copies of several articles which purport to represent the results of surveys showing an average billing rate of over $125.00 per hour for attorneys in the "greater Cincinnati area," nationwide, and in "downtown Cincinnati." None of these sources (one of which even warns "Caution: small base; interpret with caution") provide the concrete evidence of amounts billed and paid in Social Security cases in the Northern Division of this court.  Consequently, the court finds no reason to depart from the established $125.00 per hour rate.

4

10-270  Linda Tapp

The defendant additionally maintains that the request for costs and expenses is not sufficiently detailed.  The plaintiff notes that costs are compensable under 28 U.S.C. § 1920, but "fees and other expenses" are awarded under 28 U.S.C. § 2412(d), and that counsel for the plaintiff did not specify how much of the $415.00 requests was for costs and how much was for expenses.  Since not enough information has been supplied, the court must find that the plaintiff has not carried her burden of establishing entitlement for an award of costs and fees.

## CONCLUSION

Accordingly, the court being sufficiently advised, IT IS HEREBY ORDERED that the plaintiff's Application for Fees and Expenses Pursuant to the Equal Access to Justice Act is GRANTED IN PART and DENIED IN PART; the plaintiff is awarded attorney's fees of $2,000.00 (16 hours x $125.00 per hour) and shall take nothing for costs or expenses.

This the 30th day of December, 2011.



**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**